T.C. Memo. 2017-6


UNITED STATES TAX COURT


ANN MCKINNEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9512-15.                     Filed January 5, 2017.


Ann McKinney, pro se.

<u>Sheida Lahabi</u>, <u>Janet F. Appel</u>, and <u>Derek W. Kelley</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


NEGA, <u>Judge</u>:  Respondent determined a deficiency in petitioner's 2011

Federal income tax of $9,843.[1]  The issue for decision is whether $40,000 of

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax

(continued...)

[*2] settlement proceeds that petitioner received under a settlement agreement and release (settlement agreement) with her former employer, the U.S. Department of the Interior, U.S. Geological Survey (Agency), is excludable from her gross income under section 104(a)(2).

FINDINGS OF FACT

Some of the facts are stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Massachusetts when the petition was filed.

Petitioner was an employee of Agency from 1974 until her retirement on July 3, 2009. On May 20, 2009, petitioner filed a complaint of discrimination (complaint) with the Equal Employment Opportunity Commission against Agency alleging discrimination and a hostile work environment on the bases of age and physical disability. After her retirement, petitioner expanded the bases of her complaint to include constructive discharge and thereafter filed an appeal of her claims with the Merit Systems Protection Board (MSPB).

On April 12, 2011, petitioner and Agency entered into a settlement agreement pursuant to which she agreed to withdraw her complaint and appeal

[1](...continued)
Court Rules of Practice and Procedure.

**[*3]** before the MSPB, and Agency agreed to pay her a lump sum of $40,000. The settlement agreement states that petitioner "agrees to be responsible for the tax consequences of the lump sum payment".

On June 14, 2012, Agency filed with the Internal Revenue Service Form 1099-MISC, Miscellaneous Income, for tax year 2011 reporting the payment of $40,000 of nonemployee compensation to petitioner. Petitioner timely filed her 2011 Form 1040, U.S. Individual Income Tax Return, and on April 15, 2013, filed Form 1040X, Amended U.S. Individual Income Tax Return, amending her initial return for tax year 2011. Petitioner failed to report receipt of the $40,000 lump-sum payment on either filed return.

On January 7, 2015, respondent sent petitioner a notice of deficiency for tax year 2011 determining a deficiency of $9,843 because of petitioner's failure to report the $40,000 lump-sum payment as income. Petitioner timely filed a petition for redetermination.

OPINION

Section 61(a) defines "gross income" as "all income from whatever source derived". Exclusions from gross income must be narrowly construed. Commissioner v. Schleier, 515 U.S. 323, 328 (1995) (citing United States v. Burke, 504 U.S. 229, 248 (1992) (Souter, J., concurring)). Section 104(a)(2)

**[\*4]** provides that "gross income does not include * * * the amount of any damages * * * received * * * on account of personal physical injuries or physical sickness".

For purposes of determining whether damages received pursuant to a written settlement agreement are excludable under section 104(a)(2), we look to the nature of the claim settled. Burke, 504 U.S. at 237. The nature of the claim is determined first by looking to the settlement agreement itself for indicia of its purpose. Greer v. United States, 207 F.3d 322, 329 (6th Cir. 2000). Where the settlement agreement lacks express statements of purpose, we then look beyond the agreement to other evidence indicating the "intent of the payor as to the purpose in making the payment" such as, but not limited to, the amount paid, the factual circumstances that led to the settlement agreement, and the allegations in the payee's complaint and amended complaint. Id. (quoting Knuckles v. Commissioner, 349 F.2d 610, 613 (10th Cir. 1965), aff'g T.C. Memo. 1964-33); Robinson v. Commissioner, 102 T.C. 116, 127 (1994), aff'd in part, rev'd in part, and remanded on another issue, 70 F.3d 34 (5th Cir. 1995).

The Commissioner's determination in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). If the

**[*5]** taxpayer presents objective and credible evidence of the payor's intent, the burden of proof may shift to the Commissioner. Sec. 7491(a)(1).

The settlement agreement between petitioner and Agency does not provide any indicia as to whether the $40,000 payment, or any portion thereof, was made pursuant to a claim of personal physical injuries or physical sickness. Further, notwithstanding her testimony, petitioner has not satisfied her burden of introducing objective and credible evidence that the $40,000 payment was made "in lieu" of damages for personal physical injuries or physical sickness. See Simpson v. Commissioner, 141 T.C. 331, 339-340 (2013) (quoting Fono v. Commissioner, 79 T.C. 680, 692 (1982), aff'd without published opinion, 749 F.2d 37 (9th Cir 1984)), aff'd, ___ F. App'x ___, 2016 WL 4207982 (9th Cir. Aug. 10, 2016).

We conclude that the damages Agency paid petitioner as part of the settlement agreement were for the resolution and withdrawal of her constructive discharge and discrimination claims and not on account of personal physical injuries or physical sickness. Therefore, the $40,000 payment she received pursuant to the settlement agreement is includible in her income for 2011 and is not excludable under section 104(a)(2).

**[*6]**   To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.